Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ELIEZER SANTANA BÁEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00222 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. Q-239-25<br><br>Sobre: Solicitud de Documentos |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico a 9 de diciembre de 2025.

Comparece ante nos el confinado, Sr. Eliezer Santana Báez en forma *pauperis* (en adelante, "señor Santana Báez", "confinado" o "recurrente") para que revisemos la *Resolución* en reconsideración emitida el 7 de agosto de 2025, por el Departamento de Corrección y Rehabilitación (en adelante, "DCR").[1] Mediante esta, el DCR orientó al señor Santana Báez que, a modo de excepción, se le entregarían los documentos solicitados.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Resolución* recurrida.

-I-

Surge de los autos que, el **19 de mayo de 2025**, el confinado presentó una Solicitud de Remedios Administrativos para que le entregaran los volantes de las notificaciones de las resoluciones de

---

[1] Notificada el 15 de agosto de 2025.

los remedios administrativos B-67-25, B-78-25, B-271-25, B-270-25 y B-141- 25.[2]

El **19 de mayo de 2025**,[3] la Evaluadora de Remedios Administrativos de la Oficina de Bayamón, P.R., emitió una respuesta.[4]

Inconforme, el **6 de junio de 2025**, el señor Santana Báez presentó una Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos.[5]

El **7 de agosto de 2025**,[6] el Coordinador Regional de Remedios Administrativos emitió una *Resolución* en reconsideración que hoy revisamos.  Como parte de su análisis, realizó las siguientes Determinaciones de Hechos:

> *1. El recurrente present[ó] Solicitud de Remedios Administrativos el 19 de mayo de 2025 ante la Evaluador de Remedios Administrativos, Carmen Montañez Martínez de la Oficina de Bayamón. En su escrito solicita se le provean los volantes de las notificaciones de las resoluciones de los remedios administrativos B-67-25, B-78-25, B-271-25, B-270-25 y B-141- 25.*
>
> *2. Se realiza respuesta por parte de la Sra. Carmen Montañez Martínez, Evaluadora de Remedios Administrativos Oficina de Bayamón el 19 de mayo de 2025.*
>
> *3. Se le entrega respuesta al recurrente el 29 de mayo de 2025.*
>
> *4. El 6 de junio de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.*
>
> *5. Se acoge petición de reconsideración el 10 de junio de 2025.*

---

[2] Véase, las determinaciones de hechos núm. 1 de la Resolución de reconsideración que obra en el expediente. No contamos con la **Solicitud de Remedios Administrativos**, a pesar de habérsela solicitado al recurrente mediante Resolución del 12 de septiembre de 2025.

[3] Entregada al confinado el 29 de mayo de 2025. Véase, las determinaciones de hechos núm. 3 de la Resolución de reconsideración que obra en el expediente.

[4] Véase, las determinaciones de hechos núm. 2 de la Resolución de reconsideración que obra en el expediente. No contamos con la **Respuesta**, a pesar de habérsela solicitado al recurrente mediante Resolución del 12 de septiembre de 2025.

[5] Véase, las determinaciones de hechos núm. 4 de la Resolución de reconsideración que obra en el expediente. Tampoco contamos con la **Solicitud de Reconsideración**, a pesar de habérsela solicitado al recurrente mediante Resolución del 12 de septiembre de 2025.

[6] Notificada el 15 de agosto de 2025.

En lo pertinente, en las Conclusiones de Derecho resolvió lo siguiente:

> *Se orienta al recurrente que a modo de excepción se le hará entrega de los documentos solicitados. De otra parte, se le informa que este recurso nunca fue desestimado, debe ser m[á]s prudente al realizar sus expresiones en cuanto a comentarios que en nada abonan a su petición.*
>    *A base [de] la información expuesta en este documento determinamos confirmar y ampliar la respuesta recibida por parte de la Sra. Carmen Montañez Martínez, Evaluadora de Remedios Administrativos Oficina de Bayamón.*

El **15 de agosto de 2025**, el señor Santana Báez recibió copia de la antes dicha *Resolución.*[7]

Inconforme, el **8 de septiembre de 2025**, el confinado presentó ante nos una *Petición de Revisión Judicial.* Allí, señaló la comisión del siguiente error:

> *Erró el DCR al no revocar y ordenarse que en lo sucesivo se hagan entregas del referido volante de notificación, porque el problema continúa igual.*

El **12 de septiembre de 2025** emitimos una *Resolución* en la cual le ordenamos al señor Santana Báez, que un término de quince (15) días, presentara el apéndice sobre la querella Q239-25.

Así, el **20 de octubre de 2025**, recibimos del recurrente una *Moción en cumplimiento de Orden.*[8] En esta, señaló haber entregado al DCR unas cartas y les acusó de haber sido los causantes de que su apéndice estuviera incompleto. Alegó no tener copia de los apéndices, por lo que no recibimos documento alguno.

### -II-

### A.

Sabido es que las actuaciones de las autoridades correccionales gozan de gran discreción y merecen la deferencia de los tribunales ante la revisión judicial. [9]

---

[7] Véase, *Recibo de Resolución de Reconsideración* en la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").
[8] La *Moción en cumplimiento de Orden* presentada por el señor Santana Báez tiene fecha del 10 de octubre de 2025, no obstante, la misma fue recibida por este tribunal en 20 de octubre de 2025.
[9] *Cruz Negrón v. Administración de Corrección,* 164 DPR 341 (2005) citado *Pérez López v. Depto. de Corrección,* 208 DPR 656, 674 (2022).

Esa deferencia se extiende a *"la adopción y puesta en vigor de sus reglamentos, pues es la entidad con la encomienda de preservar el orden en las instituciones carcelarias"*.[10]

Por ello, nuestra la función revisora —con respecto a las determinaciones del DCR— como de cualquier otra agencia, es de carácter limitado.[11] Siendo así, la revisión de las decisiones finales de los organismos y agencias administrativas se tramitará de conformidad con las disposiciones de la Ley de Procedimiento Administrativo Uniforme.[12]

En fin, nuestra función se circunscribe a considerar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo.[13]

**B.**

El Reglamento Núm. 8583 fue emitido conforme a las disposiciones de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada,[14] y del Plan de Reorganización Núm. 2 de 21 de noviembre de 2011 para reglamentar, entre otras cosas, el procedimiento mediante el cual todos los miembros de la población correccional pueden ventilar distintas reclamaciones.[15]

Por otro lado, el Reglamento 8583 dispone que la División del DCR posee jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional sobre cualquier incidente o reclamación comprendida bajo las

---

[10] *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 334 (2009) citado en *Pérez López v. Departamento de Corrección, supra*, en la pág. 687.

[11] *López Borges v. Adm. Corrección*, 185 DPR 603 (2012).

[12] Ley Núm. 38 de 30 de junio de 2017, según enmendada, mejor conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9601, *et seq.*

[13] *Hernández Álvarez v. Centro Unido*, 168 DPR 592, 616 (2006); *Otero v. Toyota*, 163 DPR 716, 728 (2005).

[14] Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, aprobado el 4 de mayo de 2015.

[15] Reglas I-II del Reglamento 8583. Véase, además, KLRA201700254, pág. 3.

disposiciones del reglamento.[16] Cuando un miembro de la población correccional somete una Solicitud de Remedio Administrativo, es deber del Evaluador utilizar todos los procedimientos que estime necesarios para la obtención de la información requerida y así poder brindar una respuesta adecuada al miembro de la población correccional.[17]

**-III-**

En el caso de autos, el señor Santana Báez nos solicita que revoquemos la *Resolución* en reconsideración recurrida y ordenemos la entrega de los documentos solicitados. No tiene razón.

De una lectura del recurso de revisión judicial presentado por el recurrente, se desprende que este reconoce que se le entregaron *"casi todos"* los volantes mencionados en su *Solicitud de Reconsideración*. Sin embargo, no identifica cuáles son los volantes que no le entregaron. También indica que no le entregaron los volantes de otras resoluciones que no forman parte de su *Solicitud de Remedios Administrativos*. Tampoco las identifica en este recurso.

Evaluada la *Resolución* en reconsideración recurrida, determinamos que la misma no fue arbitraria, ilegal, caprichosa o irrazonable que constituya un abuso de discreción.[18] El reclamo del señor Santana Báez fue atendido conforme lo exige el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*. En consecuencia, es forzoso concluir que el DCR no cometió el error señalado.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la *Resolución* recurrida.

---

[16] Regla VI del Reglamento 8583.
[17] Regla XIII (1) del Reglamento Núm. 8583.
[18] *Mun. de San Juan v. CRIM*, 178 DPR 163, 175 (2010).

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones